IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NICOLA FANNILE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-144 |
| | ) | |
| ANDREW SAUL, Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff appeals the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act.  Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**.

I.      **BACKGROUND**

Plaintiff applied for DIB and SSI on June 19, 2015, alleging a disability onset date of July 29, 2014.  Tr. ("R."), pp. 286-292, 293-99.  Plaintiff satisfied the insured status requirements through September 30, 2019.  R. 20.  Plaintiff was forty years old on her alleged disability onset date, and forty-four years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration.  R. 30, 286.  Plaintiff alleged disability based on the following conditions:  hip replacement, right knee problems, hypertension, and diabetes.  R. 391. Plaintiff completed high school, completed coursework for medical billing, and prior to her alleged disability date had accrued a work history as a nursery school attendant.  R. 56, 392.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 132-34, 135-39. Plaintiff requested a hearing before an ALJ, R. 150-51, and the ALJ held a hearing on June 1, 2018. R. 43-73. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by a non-attorney representative, and Thomas A. Polsin, a Vocational Expert ("VE"). Id. On July 20, 2017, the ALJ issued an unfavorable decision. R. 15-31.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since July 29, 2014, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: osteoarthritis in the right hip, status post hip replacement; right knee meniscal degenerative joint disease and chondromalacia; and obesity with history of bariatric surgery (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) [1], except lifting and carrying no more than 10 pounds, standing or walking no more than three

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

hours total in an eight-hour workday, occasional pushing and pulling with the right leg, no climbing of stairs or ladders, no kneeling or squatting, no hazardous environments (unprotected heights and open moving machinery), occasional overhead lifting with the left arm, and she needs to use a cane when walking on uneven surfaces or for long distances. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from July 29, 2014, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 20-31.

When the Appeals Council denied Plaintiff's request for review of the ALJ's decision, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

Plaintiff argues the ALJ failed to (1) include a sitting limitation in the RFC despite evidence of pain in the sacroiliac joints, lumbar spine, and buttocks; (2) evaluate whether Plaintiff's cane use was medically required, in violation of SSR 96-9p; and (3) consider Plaintiff's subjective complaints, primarily those concerning the side effects of medication. See doc. nos. 11 ("Pl.'s Br."), 13 ("Pl.'s Reply"). The Commissioner maintains the decision to

4

deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. <u>See</u> doc. no. 12 ("Comm'r's Br."). None of Plaintiff's arguments form a valid basis for reversal or remand.

### A. Substantial Evidence Supports the ALJ's Finding Plaintiff's Back Pain Did Not Merit a Sitting Limitation in the RFC

The Court first reviews the step four RFC process. The ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." <u>Watkins v. Comm'r of Soc. Sec.</u>, 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. <u>Baker v. Comm'r of Soc. Sec.</u>, 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." <u>Phillips</u>, 357 F.3d at 1238.

The ALJ found Plaintiff could sit for six hours in an eight-hour workday, and relatedly categorized as non-severe the back and pelvic pain touted by Plaintiff as the reason she cannot sit so long at work. R. 29. The ALJ's discussion of the conditions related to her alleged sitting

limitations provides in full as follows:

> In terms of the claimant's back pain, an x-ray of the thoracic spine dated December 2, 2015, indicated no acute abnormality of the thoracic spine (Exhibit 7F/4). On December 8, 2016, she had a lumbar spine x-ray that demonstrated no significant degenerative changes and no acute fractures. She also had no tenderness to palpation over the lumbar spine and only mild tenderness over the sciatic notch. (Exhibit 16F/26). Therefore, the undersigned finds that the claimant's back pain is not severe because of the mild findings on examination and imaging, and that it does not impose any significant restrictions on the claimant's ability to perform basic work activities.

R. 22. Importantly, two state agency reviewers, Dr. Charles M. Murphy and Dr. S. Gupta, conducted an RFC physical assessment and opined Plaintiff could sit six hours in an eight-hour workday, and no medical expert offered any opinion of Plaintiff being unable to sit this long. R. 83, 111. See SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996)[2] ("Findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a non-examining source at the administrative law judge and Appeals Council levels of administrative review.").

Plaintiff points to other evidence in the medical record concerning Plaintiff's sitting ability, claiming Plaintiff's lumbar spine pain and sacroiliitis are more severe than the ALJ found. The mere existence of an argument contrary to the ALJ's finding is insufficient, however. The ALJ's finding must suffer from a lack of substantial supporting evidence, and one cannot conclude as much here, in light of the medical evidence cited by the ALJ and opinions of Drs. Murphy and Gupta.

### B. The ALJ's Cane Analysis Is Free of Reversible Error

The ALJ included in the RFC the opinion of Dr. Gupta that Plaintiff needs a cane when walking long distances and on uneven surfaces. Plaintiff argues the ALJ erred because

---

[2]SSR 96-6p was rescinded effective March 27, 2017; however, it still applies to claims filed before that date. *See* 82 FR 15263-02 (March 27, 2017).

(1) the ALJ never determined whether a cane was "medically necessary," in violation of SSR 96-9p; and (2) the ALJ blindly adopted Dr. Gupta's limitation without considering it pre-dated Plaintiff's treatment for pain in the lumbar spine, buttocks, and sacroiliac joint.  Pl's Br., pp. 18-19; Pl's Reply, pp. 2-3.

> To find that a hand-held assistive device, such as a cane, is medically required,
>
> [T]here must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). . . .  For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996).

Moreover, "SSR 96-9p requires more than generalized evidence of a condition that might require a cane.  It requires 'medical documentation *establishing the need* for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed.'"  Staples v. Astrue, 329 F. App'x 189, 191 (10th Cir. 2009) (quoting SSR 96-9p); see also Reynolds-Buckley v. Astrue, No. 8:10-CV-1668-T-TGW, 2011 WL 2460919, at *5 (M.D. Fla. June 20, 2011) ("Significantly, the record contains no prescription for a cane, or other indication that the plaintiff requires an assistive device . . . . Since the plaintiff has not provided any [medical documentation establishing the need for a hand-held assistive device and describing circumstances in which device is needed], she has failed to show that the use of a cane is medically required.").

Plaintiff cites, in support of a greater cane limitation, Dr. Duffin's note Plaintiff should use a cane "as needed."  R. 703.  The notation merely begs the question of what circumstances require use of a cane, and the only expert answer is Dr. Gupta's original

opinion Plaintiff needs a cane only when walking long distances or on uneven surfaces.  The ALJ's reliance on Dr. Gupta's opinion is reasonable and well within the substantial evidence requirement.  While Plaintiff points out Dr. Gupta's opinion is dated February 29, 2016, two months before Plaintiff began treatment for pain in the lumbar spine, buttocks, and sacroiliac joint, subsequent medical evidence supports the ALJ's finding.  Indeed, in July 2017, Dr. Dennis Williams, MD, found only a slight antalgic gait pattern.  R. 661.

Notably, even if constant use of a cane was medically necessary, Plaintiff would not be automatically disqualified from the occupations identified by the VE as falling within the scope of her RFC.  As noted by the ALJ, the VE testified Plaintiff's RFC was essentially sedentary.  R. 29.  SSR 96–9p further provides:

> Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10 pounds, an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand.

At bottom, this is not a case where the ALJ failed to consider Plaintiff's need for a cane.  Rather, the ALJ reviewed the medical evidence, adopted Dr. Gupta's cane limitation, and incorporated it into the RFC.  Reliance on Dr. Gupta's opinion is not error, especially when the only competing medical opinion merely states Plaintiff should use a cane "when needed."

### C.      The ALJ Properly Considered Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred by not properly considering her subjective complaints, including the side effects of her medication and qualifying information about her daily activities.  Pl.'s Br., pp. 20-24; Pl's Reply, pp. 3-5.  The ALJ properly rejected Plaintiff's subjective complaints in light of the objective medical evidence and record.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  Under the Eleventh Circuit's standard, Plaintiff must show:  (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction.  Id.  When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability."  Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)).  However, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance.  See SSR 96-5p; see also 20 C.F.R. § 404.1527(d).

"Credibility determinations are, of course, for the [Commissioner], not the courts."  Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Social Security Ruling 16-3p, clarifies:

> that subjective symptom evaluation is not an examination of an individual's character. . . .
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those

symptoms.   We evaluate the intensity and persistence of an individual's
symptoms so we can determine how symptoms limit ability to perform work-
related activities for an adult . . . .

SSR 16-3p, 2016 WL 1020935, at *14167 (orig. publ. Mar. 16, 2016).n

Moreover, this Court is required to uphold the Commissioner's determination regarding

subjective complaints if it is supported by substantial evidence.  Fortenberry v. Harris, 612 F.2d

947, 950 (5th Cir. 1980).[3]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the
> implication must be obvious to the reviewing court.  The credibility determination
> does not need to cite particular phrases or formulations but it cannot merely be a
> broad rejection which is not enough to enable [the district court or this Court] to
> conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer, 395 F.3d at 1210-11 (internal quotation marks and citations omitted).  As explained below,

the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's side

effects of his medication and medically determinable impairments could possibly cause the

alleged symptoms, but his subjective complaints concerning the intensity, persistence, and

limiting effects of the symptoms were not entirely consistent with the record.

In the Eleventh Circuit, "under certain circumstances, an ALJ's duty to develop a full

record can include investigating the side effects of medications."  Walker v. Comm'r of Soc.

Sec., 404 F. App'x 362, 366 (11th Cir. 2010) (citing Cowart v. Schweiker, 662 F.2d 731, 737

(11th Cir. 1981)); see also Lacy v. Barnhart, 309 F. Supp.2d 1345, 1352 (N.D. Ala. 2004)

(reversing denial of benefits where, inter alia, ALJ "failed to consider the effects of the side

effects of plaintiff's medication").  As the Eleventh Circuit has explained, "[i]t is conceivable

that the side effects of medication could render a claimant disabled or at least contribute to a

disability."  Cowart, 662 F.2d at 737.  However, the burden is on a claimant to prove he is

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the
Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed
down prior to October 1, 1981.

disabled, and he must introduce evidence supporting a claim that his alleged symptoms, including medicinal side effects, make him unable to work.  Walker, 404 F. App'x at 366 (citing Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)).

Plaintiff has not met her burden of introducing evidence to show the alleged side effects of medication render her disabled or materially impact her ability to perform light work. Plaintiff is prescribed 150 mg of Nucynta and 900 mg of Gabapentin.  R. 56.  Plaintiff testified the medication makes her so drowsy that she sleeps for five or six hours after taking the medication.  R. 60-61.  She is "in bed . . . a lot of the time of the day . . . ."  R. 58.  However, Plaintiff cites no record evidence corroborating her testimony of such drastic side effects.  As the Commissioner correctly points out, not only did Plaintiff consistently fail to self-report any side effects in her disability reports to the SSA, (R. 349, 366, 378, 386), she also regularly failed to report side effects to her physicians, (R. 656, 748, 751-52, 755, 756, 759, 761, 764, 968, 971, 975, 978, 979, 982, 983, 986).  "The Eleventh Circuit has consistently held that an ALJ may discredit a claimant's alleged symptoms from medication side effects where the claimant has failed to report those side effects to her physicians and where the physicians have not otherwise expressed concern over those side effects.[4]"  Richardson v. Colvin, No. CV 15-00147-N, 2016 WL 4445266, at *7 (S.D. Ala. Aug. 22, 2016).

The ALJ explained she considered all of Plaintiff's symptoms based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929 and SSR 16-3p, and determined they were not entirely consistent with the medical evidence and other evidence in the record.  R. 24.  Specifically, the

---

[4]See also Colon ex rel. Colon v. Comm'r of Soc. Sec., 411 Fed. Appx. 236, 238 (11th Cir. 2011) (per curiam) (stating substantial evidence supported ALJ's decision to discredit plaintiff's complaints of medication side effects because plaintiff's physicians did not report any side effects from medications, and plaintiff did not complain of any side effects); Gantea v. Comm'r of Soc. Sec., 380 Fed. Appx. 950, 951 (11th Cir. 2010) (per curiam) (holding ALJ was entitled to discredit plaintiff's subjective complaints concerning side effects of medication because prescribing physicians did not state alleged side effects limited plaintiff's ability to work); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (rejecting claim ALJ failed to consider medication side effects where plaintiff scarcely complained of side effects, and her physicians did not express concern about side effects).

ALJ expressly acknowledged Plaintiff's subjective complaints were "inconsistent with the largely negative physical examinations, with the exception of quad weakness and lack of extension." R. 25.  The ALJ was not required to specifically address every medical side effect alleged by Plaintiff so long as it is clear from the record she considered them as a whole.  Adams v. Comm'r of Soc. Sec., 586 F. App'x 531, 533 (11th Cir 2014) (*per curiam*) (citing Dyer, 395 F.3d at 1211); see Robinson v. Comm'r of Soc. Sec., 649 F. App'x 799, 802 (11th Cir. 2016) (*per curiam*) (finding ALJ, who did not mention medication side effects, adequately considered side effects in part because of statement she considered all of plaintiff's symptoms based on requirements of 20 C.F.R. § 404.1529 and SSR 16-3p's predecessor); Walker v. Comm'r of Soc. Sec., 404 F. App'x 362, 367 (11th Cir. 2010) (*per curiam*) (holding ALJ's overall credibility finding encompassed claimant's alleged medication side effects).

Plaintiff further argues the ALJ failed to properly consider qualifying information about her activities of daily living.  Pl's Br., p. 23.  While an admission of participation in daily activities does not preclude a disability finding, see Davis-Grimplin v. Comm'r, Soc. Sec. Admin., 556 F. App'x 858, 863 (11th Cir. 2014), that general principle does not prohibit an ALJ from considering a claimant's daily activities when evaluating her subjective complaints.  See May v. Comm'r Soc. Sec. Admin., 226 F. App'x 955, 959 (11th Cir. 2007) (*per curiam*) (concluding participation in daily activities for short durations does not disqualify claimant from disability, but "that does not mean it is improper for the ALJ to consider a claimant's daily activities at all"); see also 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (ALJ properly considers daily activities when evaluating subjective symptoms).

As noted by the ALJ, Plaintiff reported vacuuming, driving, shopping in stores, attending school, and attending school meetings for her young nephew, all of which require sitting, standing, or walking for more than five minutes and are consistent with the assessed RFC.  R. 25,

12

29, 375.  Plaintiff faults the ALJ for not explicitly mentioning her "schooling was only two nights a week for two hours, and it did not require her to stand and/or walk for 3 hours . . . she had help taking her mother to dialysis, her husband had to pick her mother up because [she] was sleeping, and she attended school meetings 'every so many months.'"  Pl's Br., p. 23.  These details do not undermine the ALJ's citation of these daily activities as further evidence to doubt Plaintiff's dramatic recounting of her physician limitations.  Indeed, even taking into account these additional details, it is difficult to imagine Plaintiff engaging in such activities if pain relegates her to lying sideways in a bed for most of the day, with five support pillows and a knee brace, prevents her from sitting for any length of time, and requires she take medications regularly that make her sleep for five-hour stretches.  R. 58-65.

Finally, the ALJ did not engage in "sit and squirm" jurisprudence when she noted Plaintiff "sat at the hearing without difficulty."  R. 29.  Contrary to Plaintiff's argument, "the ALJ is not prohibited from considering the claimant's appearance and demeanor during the hearing."  Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987) (internal quotations omitted).  Thus, the ALJ properly observed Plaintiff sat at the 45-minute administrative hearing without difficulty.  R. 367.  Importantly, the ALJ did not discredit Plaintiff's testimony solely on this basis alone and did not impose her observations in lieu of the medical evidence presented.  Buley v. Comm'r of Soc. Sec., 739 F. App'x 563, 571 (11th Cir. 2018) (citing Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir. 1985)) (finding ALJ was permitted to consider claimant's demeanor at hearing as one of many factors that called credibility into question).  It is clear from the ALJ's decision she carefully compared Plaintiff's subjective complaints to the objective evidence to determine whether Plaintiff's medical conditions could be expected to give rise to the level of limitations she claimed.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 12th day of August, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA